*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSEPH E. RANKIN, JR.,

Defendant-Appellant.

UNPUBLISHED
June 25, 2020

No. 345267
Iron Circuit Court
LC No. 16-009636-FH

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b) (force or coercion used to accomplish sexual contact). Defendant was sentenced to serve four months in jail and two years of probation for CSC-IV, with credit for two days served.[1] We affirm.

## I. FACTS

SL, the victim, exercised regularly at defendant's place of business, Full Circle Fitness and Massage. On August 22, 2016, SL went to defendant's gym and told defendant that her back hurt and that she had been going to a chiropractor. No one, other than SL and defendant was in the building. Defendant asked if SL wanted him to work on her back, and SL agreed. SL did not know that defendant was no longer licensed as a massage therapist.

During the massage, defendant touched SL's breast underneath her tank top and sports bra. SL testified that defendant touched her breast tissue. Defendant then pushed hard on SL's rib, and SL told defendant that it hurt and then she "flung" defendant's hand off. Defendant then told SL to turn over onto her stomach. When SL turned over, defendant "jumped" on her buttocks and straddled her. As defendant massaged SL's back, SL felt defendant's erect penis going up her

---

[1] Defendant is not appealing his conviction for assault and battery, MCL 750.81(1). The trial court stayed the conviction for that count pending the outcome of this appeal.

back in a rocking motion "like he was getting himself off." SL told defendant that she was uncomfortable and told him to get off her back, and defendant did so immediately. When defendant stood up, SL could see that he still had an erection. SL stated that she would not have consented to defendant getting on her back if she knew defendant had an erection.

A fitness instructor at defendant's gym testified that defendant met up with her and told her that he "did something stupid" with SL. The instructor stated that she understood that statement to mean that defendant admitted what he did. Following that conversation, she never returned to teaching classes at defendant's gym. MP, a patron of defendant's gym, stated that defendant called her and apologized for letting her down. MP replied, "Joey, you let this happen again? Again, Joey?" During the call, defendant also said, "Well, that's what happens. I try to make people feel better and I take it too far." Defendant did not deny what he did. Defendant also indicated that he did not know what was going to happen with the gym, but he would try to work it out so the members could finish their membership.

In addition, two expert witnesses were called to testify. Debra St. John, a massage therapist, testified that in the nine years she had been in the profession, she had never climbed on somebody's back for a massage. She further testified that breast tissue is "off limits" for male massage therapists. The second expert, Harold Rudnianin, a male massage therapist and owner of a massage therapy school that defendant attended, testified that it is inappropriate to touch a client with an erect penis and that if a massage therapist is sexually aroused, he or she should immediately stop the massage. He also testified that in his class, no student is allowed to straddle a client. He further testified that he would not touch a client's breasts at all.

Prior to[2] and during trial, defendant objected to the admission into evidence of an order issued by the Department of Licensing and Regulatory Affairs (LARA) suspending defendant's massage therapy license, and a subsequent LARA order acknowledging that defendant had permanently surrendered his massage therapy license. The trial court denied defendant's request.

The jury found defendant guilty of CSC-IV and assault and battery, but acquitted him of a charge of unauthorized practice of a health profession and CSC-II.

## II. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence was insufficient to sustain his CSC-IV conviction. We disagree.

---

[2] On September 18, 2017, defense counsel argued a motion in limine to exclude the LARA orders. On October 25, 2017, the trial court issued an order denying defendant's motion in limine to exclude the administrative orders, concluding that the probative value of the evidence was not substantially outweighed by its prejudicial effect.

We review de novo a defendant's challenge to the sufficiency of the evidence to support his or her conviction. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). "In examining the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecut[ion] to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). Further, in reviewing a sufficiency argument, this Court must not interfere with the jury's role of determining the weight of the evidence or the credibility of witnesses. *People v Stiller*, 242 Mich App 38, 42; 617 NW2d 697 (2000).

MCL 750.520e(1)(b) provides that "[a] person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and . . . [f]orce or coercion is used to accomplish the sexual contact." See *People v Green*, 313 Mich App 526, 538; 884 NW2d 838 (2015). The term "sexual contact" is defined as

> the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . . [MCL 750.520a(q).]

Under MCL 750.520a(1)(f), " '[i]ntimate parts' includes the primary genital area, groin, inner thigh, buttock, or breast of a human being." Force or coercion can occur "[w]hen the actor achieves the sexual contact through concealment or *by the element of surprise*." MCL 750.520e(1)(b)(*v*) (emphasis added).

Sufficient evidence was presented at trial from which a rational jury could find that the prosecution proved beyond a reasonable doubt that defendant engaged in sexual contact. On the date of the incident, SL went to defendant's place of business for her regularly scheduled work-out class. No one else was in the building. SL told defendant that she had pain in her mid to lower back, so defendant offered to "work on" her. SL first laid on her stomach on the table and defendant began massaging the "right side of her back, middle portion" then defendant asked her to "flip over" on her back. Once SL was on her back, defendant reached underneath her sports bra and touched her skin and her breast then pushed "really hard" on her rib. SL flung defendant's arm off of her and stated that she was in pain. SL testified that she never indicated to defendant that she had pain radiating to the front of her ribs and that defendant never explained to her why he felt it was necessary to touch her breast.

There was also sufficient evidence presented at trial from which a jury could conclude that the prosecution proved beyond a reasonable doubt that defendant's intentional touching of SL was done for sexual gratification. After defendant touched SL's breast, defendant told SL to flip over onto her stomach so that he could work on her back and then they would be done. Once SL flipped over on her stomach, defendant jumped onto her buttocks and straddled her. SL testified that she then felt defendant "rubbing his hard penis up her back getting off . . . ." Defendant rubbing his erect penis on SL's back was sufficient evidence from which a rational jury could infer beyond a reasonable doubt that defendant touched SL's breast and buttocks for a sexual purpose.

-3-

Lastly, the prosecution presented sufficient evidence from which a rational jury could find beyond a reasonable doubt that defendant used force or coercion to commit the sexual act. As previously stated, force or coercion may occur by the element of surprise. MCL 750.520e(1)(b)(*v*). SL agreed to have defendant massage her back, but defendant failed to disclose that he was no longer licensed. While massaging SL, defendant reached under SL's tank top and sports bra and touched her breast, and SL then "flung" defendant's hand off. An expert testified that breast tissue is "off limits" for male massage therapists. Further, SL testified that when she felt defendant rubbing his penis on her back, she was surprised and said, "Oh my God, Joey, what are you doing? I am uncomfortable," and defendant "jumped off." SL stated that she would not have consented to defendant getting on her back if she knew he had an erection. Both expert witnesses testified that a massage therapist should never straddle a client's backside, and that if sexual arousal occurs, then the massage should end immediately. From this evidence, a rational jury could find beyond a reasonable doubt that defendant achieved sexual contact with SL through surprise. MCL 750.520e(1)(b)(*v*).

In sum, viewing the evidence presented in a light most favorable to the prosecution, it is sufficient to justify a rational trier of fact in finding that defendant is guilty of CSC-IV beyond a reasonable doubt. *Reese*, 491 Mich at 139.

## B. EVIDENCE OF LICENSE SUSPENSION AND SURRENDER

Defendant next argues that the trial court abused its discretion when it denied defendant's motion in limine and admitted into evidence the administrative orders concerning his license suspension and surrender. We disagree.

"This Court reviews preserved evidentiary issues for an abuse of discretion. A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007) (citations omitted).

Defendant first argues that the administrative orders were not relevant under MRE 401. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Further, "evidence is admissible only if it is relevant as defined by MRE 401 and is not otherwise excluded under MRE 403." *People v Feezel*, 486 Mich 184, 197; 783 NW2d 67 (2010). Under MRE 401, "evidence is relevant if two components are present, materiality and probative value." *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). Evidence is material if it is "related to any fact that is of consequence to the action." *Id.* Evidence is "probative" if it "tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* at 389-390 (quotation marks omitted). "The threshold is minimal: 'any' tendency is sufficient probative force." *Id.* at 390.

In this case, even though defendant was acquitted of unauthorized practice of a health profession under MCL 333.16294, it was one of the charges that was brought against him. When defendant offered to massage SL's back, he had already permanently surrendered his massage therapy license. In fact, SL assumed that defendant still had his massage therapy license, and she

did not learn that defendant no longer had his license until after the incident occurred. Therefore, the two administrative orders that the prosecutor introduced into evidence were relevant to establish the charge of unauthorized practice of a health profession; further, the administrative orders were material and probative to show that defendant did not actually have a license to perform massage therapy. See *Crawford*, 458 Mich at 388-390.

Defendant argues that he had agreed to stipulate that he was not a licensed massage therapist at the time of the incident, and that, therefore, even assuming that these orders were relevant, they should have been excluded under MRE 403. MRE 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403 "does not prohibit prejudicial evidence; only evidence that is unfairly so. Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Crawford*, 458 Mich at 398. "When a juror learns that a defendant has previously committed the same crime as that for which he is on trial, the risk is severe that the juror will use the evidence precisely for the purpose that it may not be considered . . . ." *Id*. at 398.

In this case, the administrative orders did not specifically mention that defendant's license was suspended or permanently surrendered because defendant previously engaged in sexual misconduct, and they were not introduced into evidence to show that defendant lost his massage therapy license because of previous sexual misconducts. The administrative orders were redacted so that the specific administrative-act violations were eliminated. Accordingly, admission of the administrative orders was not unduly prejudicial to defendant. Moreover, "[b]ecause the prosecution must carry the burden of proving every element beyond a reasonable doubt, *regardless of whether the defendant specifically* disputes or *offers to stipulate* any of the elements, the elements of the offense are always 'in issue' and, thus, material." *Crawford*, 458 Mich at 389 (emphasis added).

We conclude that the trial court's decision was within the range of reasonable and principled outcomes. *Orr*, 275 Mich App at 588-589.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford

-5-